UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.

| | |
|---|---|
| DR. DEBRA FERTEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| THE PUBLIC HEALTH TRUST OF | ) |
| MIAMI-DADE COUNTY (JACKSON | ) |
| MEMORIAL HOSPITAL), | ) |
| | ) **COMPLAINT** |
| Defendant. | ) |
| | ) |
| _____ | / |

Plaintiff, DR. DEBRA FERTEL ("FERTEL"), sues Defendant, THE PUBLIC HEALTH TRUST OF MIAMI-DADE COUNTY ("JACKSON MEMORIAL"), and alleges:

## INTRODUCTION

1. FERTEL, a former employee of JACKSON MEMORIAL, brings this action under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* to redress JACKSON MEMORIAL'S interference with, and discrimination of, FERTEL'S exercising of rights under the FMLA. FERTEL also brings action under the Florida Civil Rights Act ("FCRA") to address JACKSON MEMORIAL'S discriminatory treatment of her based on her gender.

## JURISDICTION AND VENUE

2. This action arises under the FMLA for which this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District under 28 U.S.C. § 1391(a) because JACKSON MEMORIAL resides and conducts business in this District and because all events and

omissions giving rise to the claims occurred in this District.

## GENERAL ALLEGATIONS

4. FERTEL was employed by JACKSON MEMORIAL for nearly ten (10) years. Prior to her employment she served JACKSON MEMORIAL for twenty-one (21) years as a University of Miami physician, making her time there a total of thirty-one (31) years.

5. FERTEL started both the Lung transplant Program and Pulmonary Hypertension programs at JMH in 1996 and worked with five (5) consecutive Thoracic Lung Transplant surgical teams since that time.

6. In 2008 FERTEL was hired by JACKSON MEMORIAL to continue as the Medical Director for the Pulmonary Hypertension Program and Lung Transplant Program at Jackson Memorial Hospital.

7. On or around March 20, 2018 FERTEL advised JACKSON MEMORIAL of her need for medical leave, to commence on April 6, 2018, for surgery for carpel tunnel nerve injury.

8. JACKSON MEMORIAL advised FERTEL that she met the basic eligibility requirements of the Family and Medical Leave Act ("FMLA") and was asked to provide both a Medical Authorization for Release of Information Form and a Medical Certification Form. It was requested that these forms be submitted by April 4, 2018.

9. Instead of granting FERTEL leave under the FMLA to address the surgery on April 6, 2018, it terminated her employment just two days prior on April 4, 2018.

10. The FMLA prohibits both interference with and retaliation towards the exercising of rights under the FMLA. Both have been violated here.

11. In 2015 Matthias Leobe, M.D. was hired by JACKSON MEMORIAL as the primary lung transplant surgeon.

12. FERTEL was vocal about Dr. Leobe's surgical complications which included,

but were not limited to, phrenic nerve injury, bronchial anastomotic dehiscence, surgical wound infections and sternum instability requiring a second corrective surgery with the placement of a steel plate.

13. FERTEL'S colleague, Dr Shirin Shafazand (female) was also vocal about these complications.

14. Since vocalizing these concerns JACKSON MEMORIAL demonstrated a preference for younger male physicians. For instance, in October 2017 FERTEL was removed from her position as the Lung Transplant Medical Director without notice or reason and replaced by a younger, 42 year old, male physician, Neeraj Sinha, M.D., who had less than five (5) years of post transplant fellowship experience.

15. Since Dr. Sinha's employment, he has been the subject of complaints by female Pulmonary Fellows regarding his treatment of them, none of which resulted in any corrective action.

16. In January 2018 Dr. Shafazand, a female colleague of FERTEL, was removed from the Lung Transplant Program.

17. Plaintiff FERTEL has retained the undersigned counsel and agreed to pay a reasonable attorney's fee.

18. All conditions precedent have been satisfied and/or waived. More specifically, a Charge of Discrimination was filed with the Florida Commission on Human Relations which did not issue a determination within 180 days.

## COUNT I: FMLA

19. FERTEL adopts and realleges paragraphs 1 through 18 as if fully set forth herein.

20. The FMLA provides, in pertinent part, that it "shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any

ARTHUR T. SCHOFIELD, P.A. │Via Jardin │ 330 Clematis Street │Suite 207 │ West Palm Beach, FL 33401
(561) 655-4211 │ Facsimile (561) 655-5447
www.flalabor.com
3

right provided under this subchapter." 29 U.S.C. § 2615(a)(1)

21. The FMLA further provides, in pertinent part, that it "shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(2)

22. At all times material hereto, FERTEL was an "eligible employee" within the meaning of the FMLA.

23. JACKSON MEMORIAL knew or should have known that FERTEL qualified and was eligible for leave under the FMLA and that it had an obligation to permit FERTEL to take that protected leave and to not interfere with her taking of such leave.

24. JACKSON MEMORIAL, an "employer" within the meaning of the FMLA, willfully discriminated against, interfered with, restrained and/or denied FERTEL'S rights under the FMLA by interfering with the leave and terminating her employment.

25. As a proximate result of the termination of FERTEL'S employment, she lost wages, benefits and other forms of compensation associated with the employment.

WHEREFORE, FERTEL demands judgment against JACKSON MEMORIAL as follows:

A. Back pay and benefits;

B. Attorney's fees and costs;

C. Injunctive relief;

D. Liquidated damages; and

E. Such other relief as this Court shall consider to be fair and equitable.

## COUNT II: FCRA

26. FERTEL adopts and realleges paragraphs 1 through 18 as if fully set forth herein.

27. At all times material hereto, FERTEL was a "person" within the meaning of

the Florida Civil Rights Act of 1992.

28. At all times material hereto, JACKSON MEMORIAL was an "employer" within the meaning of the Florida Civil Rights Act of 1992.

29. The removal of FERTEL from her position as the Lung Transplant Medical Director without notice or reason was motivated by a preference for male physicians, a discriminatory motivation prohibited by the Florida Civil Rights Act of 1992.

30. As a result of the discrimination, FERTEL lost wages and the other benefits associated with her position as the Lung Transplant Medical Director. She also suffered non-economic damages such as humiliation, embarrassment and emotional pain and suffering.

WHEREFORE, FERTEL demands judgment against JACKSON MEMORIAL for lost wages and benefits associated with her position as the Lung Transplant Medical Director, actual damages, compensatory/non-economic damages, attorney's fees and costs, injunctive relief, and any such other relief this Court deems proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff hereby demands a trial by jury on all issues triable of right by jury.

/s/ Arthur Schofield, Esq.
ARTHUR T. SCHOFIELD, P.A.
Via Jardin
330 Clematis Street, Suite 207
West Palm Beach, Florida 33401
(561) 655-4211
Fax (561) 655-5447
Fla. Bar No. 984434
aschofield@flalabor.com

ATTORNEY FOR PLAINTIFF